UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARITZA LOPEZ,                        :
                                      :
                          Plaintiff,  :
                                      :       1:13-cv-03465 (ALC)
          -against-                   :
                                      :       <u>OPINION AND ORDER</u>
CAROLYN W. COLVIN, Acting             :
Commissioner of Social Security,      :
                                      :
                          Defendant.  :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

I.   **INTRODUCTION**

Plaintiff Martiza Lopez ("Plaintiff") brought this action on May 22, 2013 seeking review

of the Defendant Acting Commissioner Carolyn Colvin's ("Commissioner") April 2, 2012

decision denying her application for Social Security Disability or Supplemental Security Income

benefits.  (ECF No. 1.)  On August 5, 2014, this Court issued a Memorandum & Order granting

the Commissioner's motion for judgment on the pleadings.  (ECF No. 21.)  The Memorandum &

Order also denied Plaintiff's *nunc pro tunc* request for an extension until September 19, 2014 to

file an opposition and a cross-motion for judgment on the pleadings, but granted Plaintiff leave

to file a motion for reconsideration of the Memorandum & Order on or before September 19,

2014.  On September 19, 2014, Plaintiff filed the pending motion for reconsideration.  (ECF Nos.

22, 24.)  For the reasons described below, that motion is **DENIED.**

## II.   DISCUSSION

### A.  Applicable Law

Local Rule 6.3 provides the standard for a motion for reconsideration.  Courts in this District have repeatedly stated, "Local Rule 6.3 'should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'"  *Word v. Croce*, No. 00 Civ. 6496 (SAS), 2001 WL 755394, at *3 (S.D.N.Y. July 5, 2001) (quoting *Dellefave v. Access Temps, Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).  To be successful on a motion for reconsideration, the movant must present "matters or controlling decisions the court overlooked that might materially have influenced its earlier decision."  *Morser v. AT & T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989).  "These limitations are designed to ensure finality and prevent the rule from becoming a vehicle by which a losing party may examine a decision 'and then plug[] the gaps of the lost motion with additional matters.'"  *Zoll v. Jordache Enters., Inc.*, No. 01 Civ. 1339(CSH), 2003 WL 1964054, at *2 (S.D.N.Y. Apr. 24, 2003) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  The motion will be denied where "the moving party seeks solely to relitigate an issue already decided."  *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

### B.  Application

This Opinion & Order assumes familiarity with the Court's August 5, 2014 Memorandum & Order, which recounted the relevant facts and applicable law and sustained Administrative Law Judge Lucian A. Vecchio's ("ALJ Vecchio" or "ALJ") April 2, 2012 order as involving a proper application of the law and supported by substantial evidence.  Plaintiff proffers three arguments in support of her motion for reconsideration.  *First*, Plaintiff argues that

the ALJ improperly accorded little weight to the opinion of Plaintiff's treating physician, Dr.

Andrew D. Brown, who found that Plaintiff was disabled on September 9, 2010. *Second*,

Plaintiff contends that the ALJ's reliance on the testimony of the Commissioner's Medical

Expert Dr. Bernard Gussoff was improper because Dr. Gussoff testified that fibromyalgia is a

"wastebasket diagnosis." *Third*, Plaintiff argues that the ALJ erred in failing to make a

credibility determination of Plaintiff.  The Court considers each argument in turn.

### 1.  Dr. Brown's Opinion

The ALJ reasoned in the April 2, 2012 order that Dr. Brown's finding of disability was

unpersuasive and not entitled to substantial weight because Dr. Brown had consistently opined

from February 2008 to June 2010 that Plaintiff was not disabled, but reversed course and found

her disabled on September 9, 2010 "although his findings remain unchanged." (R. at 16, 19.)

Although this Court upheld this decision in the Memorandum & Order, Plaintiff argues that it

was error because Dr. Brown's September 9, 2010 opinion was based on the finding of

Plaintiff's August 24, 2010 admission for Deep Vein Thrombosis ("DVT"), which is noted in his

treatment note for that date. (*See* R. at 333.)

Plaintiff's argument is unavailing.  Substantial evidence supports the ALJ's finding that

Dr. Brown's findings remain unchanged, even assuming, *arguendo*, that Plaintiff's August 24,

2010 admission for DVT could have been a "finding" that Dr. Brown made and premised his

opinion on in determining that Plaintiff was disabled.  Specifically, with respect to Plaintiff's

DVT admission, the ALJ noted that Plaintiff had been discharged on September 2, 2010 after

treatment, had requested and been granted a clearance to work on September 7, 2010, and also

reported that the pain in her leg had diminished. (R. at 16-17.) In light of these observations,

which are unchallenged by Plaintiff, the ALJ's determination that Dr. Brown's findings were

unchanged on September 9, 2010 when he opined that Plaintiff was disabled is supported by substantial evidence, *see, e.g.*, *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (affirming Commissioner's decision although there was substantial evidence for both sides), and his decision to accord little weight to Dr. Brown's opinion on that basis was not in error.

Additionally, Plaintiff's reliance on *Torres v. Commissioner of Social Security*, No. 13 Civ. 730(KBF), 2014 WL 406933 (S.D.N.Y. Feb. 3, 2014), for the alternative argument that ALJ Vecchio erred in not developing the record on the issue of the alleged inconsistency between Dr. Brown's treatment notes is also misplaced. In *Torres*, the court found the administrative law judge had a duty to develop the record in light of an irreconcilable conflict in *concurrent* reports from a treating physician, with one report indicating that the plaintiff had "occasional auditory hallucinations" and was "unable to work for at least 12 months," and another stating that plaintiff was not impaired from "interact[ting] appropriately with supervision, co-workers and the public." *Id.* at *5. Here, in contrast, ALJ Vecchio did not find a conflict between concurrent reports from Dr. Brown, but simply reasoned that one report was unpersuasive in light of others.

### 2. *Dr. Gussoff's Testimony*

At the March 21, 2012 hearing, Dr. Gussoff testified that Plaintiff retained the capacity to perform sedentary work despite her impairments. (R. at 45.) The ALJ, who found that fibromyalgia was one of Plaintiff's "severe" impairments, accorded this opinion "significant weight" in his decision, on the grounds that it was objective and consistent with the record. (*See* R. at 14, 17-18.) Plaintiff argues that the ALJ's reliance on Dr. Gusoff's testimony was error because Dr. Gussoff had also testified that fibromyalgia was a "wastebasket diagnosis" in his view, and this testimony "draws into question whether [ALJ Vecchio] too dismissed the reality of fibromyalgia or questioned it."

4

The Court summarily rejects this argument.  Plaintiff cites no authority for the extraordinary proposition that a doctor's extraneous comment, clearly not relied upon by an ALJ in his or her decision, can nonetheless be imputed to him or her by a reviewing court.  Indeed, such a proposition is fundamentally at odds with the very circumscribed standard of review applied by reviewing courts.  *See, e.g.*, *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997); *see also Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court 'may not accept appellate counsel's *post hoc* rationalizations for agency action.'") (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)).

### 3.   The ALJ's Credibility Determination

Finally, Plaintiff argues that the ALJ erred in failing to "explain [his decision to reject Plaintiff's testimony] explicitly and with sufficient specificity that a reviewing court may be able to decide whether there are legitimate reasons for [his] disbelief [of her]."  This argument simply ignores the ALJ's decision.  The ALJ found, for example, that Plaintiff's occasional noncompliance with her treatment regimen "suggest[ed] that [her] symptoms may not have been as severe as ha[d] been alleged," and that the fact that Plaintiff's "alleged disabling impairments were present at approximately the same level . . . when she was working . . . strongly suggest[ed] that it would not currently prevent her from working."  (R. at 17).  These statements constitute ample basis for this Court to find, as it does now, that there was a legitimate basis for the ALJ's credibility determination.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration of this Court's August 5, 2014 Memorandum & Order is **DENIED**.  The Clerk of Court is respectfully directed to terminate all pending matters, enter judgment for the Commissioner and close this case.

**SO ORDERED.**

**Dated:** September 28, 2014
   **New York, New York**

———————————————————
              **ANDREW L. CARTER, JR.**
              **United States District Judge**